Richard L. Rudin, Esq. - Attorney ID #237091969
Ronald D. Cucchiaro, Esq. – Attorney ID #041191998
**WEINER LAW GROUP LLP**
629 Parsippany Road
P.O. Box 438
Parsippany, New Jersey 07054-0438
Ph: (973) 403-1100/Fax: (973) 403-0010
Email: rrudin@weiner.law
Email: rcucchiaro@weiner.law
Attorneys for Defendant, Township of Howell, N.J.
Our File No. HOWSC-002L  1217780_1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CONGREGATION KOLLEL, INC., and ZEBRA HOLDINGS, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**TOWNSHIP OF HOWELL, N.J., and HOWELL TOWNSHIP ZONING BOARD OF ADJUSTMENT,**<br><br>Defendants. | Civil Case No. 3:16-cv-02457-FLW-LHG<br><br>**Civil Action**<br><br>**DEFENDANT TOWNSHIP OF HOWELL, N.J.'S ANSWER TO FIRST AMENDED COMPLAINT, SEPARATE DEFENSES, JURY DEMAND AND DOCUMENT REQUEST** |

Defendant, Township of Howell, N.J. ("Township"), by its attorneys, answer the First Amended Complaint of the plaintiffs, Congregation Kollel, Inc. ("Kollel") and Zebra Holdings II, LLC ("Zebra"), as follows:

### NATURE OF THE ACTION

1. Paragraph 1 of the First Amended Complaint ("FAC") is a conclusory statement of intent to which no response is required. To the extent that a response is required, defendant leaves the plaintiffs to their proofs.

2. The allegations of Paragraph 2 of the FAC are denied.

3. The allegations of Paragraph 3 of the FAC are denied, except that, to the extent that the allegations state facts, they do not apply to this defendant and no response is required.

4. The allegations of Paragraph 4 of the FAC are denied.

## PARTIES

5. Defendant has insufficient knowledge of the truth or falsity of Paragraph 5 the FAC and leaves plaintiffs to their proofs.

6. Defendant has insufficient knowledge of the truth or falsity of Paragraph 6 the FAC and leaves plaintiffs to their proofs.

7. The allegations of Paragraph 7 of the FAC are admitted.

8. The allegations of Paragraph 8 of the FAC do not related to this defendant.

## JURISDICTION AND VENUE

9. The allegations of Paragraph 9 of the FAC state matters of law to which no response is required.

10. The allegations of Paragraph 10 of the FAC state a proposition of law to which no response is required.

## FACTUAL ALLEGATIONS

### The Kollel

11-72. Except as confirmed by the record before the defendant Township of Howell Zoning Board ("Zoning Board"), this defendant has insufficient knowledge of the truth or falsity of the allegations of Paragraphs 11 through 72, inclusive, of the FAC, and leaves plaintiffs to their proofs.

## The Subject Property

73-79.   Except as set forth in the record before the Zoning Board, defendant has insufficient knowledge as to the truth or falsity of Paragraphs 73 through 76, and leaves plaintiffs to their proofs.

80.   Paragraph 80 of the FAC states a legal conclusion for which no response is required.

81-83.   Paragraphs 81 through 83 of the FAC state a legal conclusion for which no response is required.  To the extent that a response is required, defendant has insufficient knowledge of the truth or falsity of the allegations and leaves plaintiffs to their proofs.

84.   Defendant has insufficient knowledge of the truth or falsity of the allegations of Paragraph 84 and leaves plaintiffs to their proofs.

85.   Defendant has insufficient knowledge of the truth or falsity of the allegations of Paragraph 85 and leaves plaintiffs to their proofs.

86-97.   Paragraphs 86 through 97 inclusive are legal conclusions or refer to information allegedly gleaned from public documents which speak for themselves.  To the extent that the allegations of these paragraphs deviate from the public information available from these documents, and a response is required, defendant has insufficient knowledge of the truth or falsity of the allegations and leaves plaintiffs to their proofs.

98-99.   Except as set forth in the administrative record before the Zoning Board, the defendant has insufficient knowledge of the truth or falsity of the allegations of Paragraphs 98 and 99 of the FAC and leaves plaintiffs to their proofs.

## The Applicable Land Use Regulations and State Statutes

100-101.   The allegations of Paragraphs 100-101 of the FAC state legal conclusions for which no response is required.

3

102-110. The allegations of Paragraphs 102 through 109 are legal conclusions about provisions of a zoning ordinance or ordinances and a Master Plan which speak for themselves and for which no response is required. To the extent that the plaintiffs' characterization of these ordinances and Master Plan is inconsistent with the provisions thereof, and a response is required, defendant denies said allegations.

111-112. The allegations of Paragraphs 111 and 112 refer to Resolution which speaks for itself and for which no response is required. To the extent that the plaintiffs' quote or characterization of the Resolution differs from the provisions thereof, and a response is required, the allegations are denied.

113-119. The allegations of Paragraphs 113 through 119, inclusive, consist of legal conclusions to which no response is required. To the extent that the allegations vary from the statute and a response is required, they are denied.

120-124. The allegations of Paragraphs 120 through 124, inclusive, of the FAC refer to an ordinance which speaks for itself. To the extent that the plaintiffs' allegations vary from the ordinance, they are denied.

125. The defendant lacks sufficient knowledge and information as to the truth or falsity of the allegations of paragraph 125 and leaves the plaintiffs to their proofs.

126. The allegations of Paragraph 126 state a legal conclusion for which no response is required. To the extent a response is required, plaintiffs are left to their proofs.

127-128. The allegations of Paragraphs 127 and 128 contain legal conclusions to which no response is required. To the extent that a response is required and the plaintiffs' characterization varies from the statute, the allegations are denied.

129-131. The allegations of Paragraphs 129 and 131 inclusive consists of plaintiffs' legal conclusions about the zoning ordinance to which no response is required. To the extent that a

4

response is required and the plaintiffs' conclusion differ from the language and intent of the zoning ordinance, the allegations are denied.

132. Defendant lacks sufficient knowledge of the truth or falsity of the allegations of Paragraph 132 of the FAC and leaves plaintiffs to their proofs.

133. Defendant denies the allegations of Paragraph 133 of the FAC, except that the defendant admits that both Howell and Jackson border Lakewood, New Jersey.

134. Defendant has insufficient knowledge as to whether or not the subject property "borders" Lakewood and leaves plaintiffs to their proofs.

135. The allegations as to Paragraph 135 of the FAC do not apply to this defendant and the plaintiffs are left to their proofs.

136-139. The allegations of Paragraph 136 through 139 inclusive refer to an ordinance which speaks for itself. To the extent that the defendant's characterization of the ordinance differs from the ordinance itself, and a response is required, the allegations are denied.

140. This defendant has insufficient knowledge of the truth or falsity of the allegations of Paragraph 140 of the FAC and leaves plaintiffs to their proofs.

141. The allegations of Paragraph 141 of the FAC refer to a document which speaks for itself. To the extent that the plaintiffs' characterization of the document is inconsistent thereof, and a response is required, the allegations are denied.

142. Defendant has insufficient knowledge of the truth or falsity of the allegations of Paragraph 142 of the FAC and leaves plaintiffs to their proofs.

143. The allegations of Paragraph 143 of the FAC refers to a document which speaks for itself. To the extent that the plaintiffs' characterization of the document is inconsistent thereof, and a response is required, the allegations are denied.

144-145. The defendant has insufficient knowledge as to the truth or falsity of the allegations of Paragraphs 144 and 145 and leaves plaintiffs to their proofs.

146. The allegations of Paragraph 146 of the FAC contain a legal conclusion to which no response is required.

147-149. Paragraphs 147 through 149 inclusive are denied.

150. Paragraph 150 refers to a document which speaks for itself. To the extent that the plaintiffs' characterization of the document is inconsistent therewith, the allegations are denied.

151. The allegations of Paragraph 151 refer to a document which speaks for itself. To the extent that the plaintiffs' characterization of the document is inconsistent therewith, the allegations are denied.

152. The allegations of Paragraph 152 state a legal conclusion for which no response is required.

153-155. The allegations Paragraphs 153 through 155 inclusive refer to provisions in the zoning ordinance which speak for themselves. To the extent that the plaintiffs' characterization is inconsistent with the zoning ordinance, and a response is required, they are denied.

156-157. The allegations of Paragraphs 156 and 157 consist of legal conclusions to which no responses are required. To the extent that a response is required and the defendant's characterizations are inconsistent with the law, they are denied.

158. The allegations of Paragraph 158 refer to a document which speaks for itself. To the extent that the plaintiffs' characterization of the document is inconsistent therewith, and a response is required, the allegations are denied.

## The Kollel's Land Use Application

159. The allegations of Paragraph 159 refer to a document which speaks for itself. To the extent that plaintiffs' characterization differs from the actual application, and a response is required, the allegations are denied.

160. The allegations of Paragraph 160 refer to a document which speaks for itself and requires no response.

161-164. The allegations of Paragraphs 161 through 164 of the FAC refer to a document or documents which speak for themselves. To the extent that the plaintiffs' characterization of the documents differ from the actual documents, and a response is required, the allegations are denied.

165-170. The allegations of Paragraphs 165 through 170, inclusive, of the FAC are denied.

171-178. The allegations of Paragraphs 171 through 178, inclusive, of the FAC do not relate to this defendant so that no response is required. In addition, to the extent that these allegations purport to describe certain documents, those documents speak for themselves.

179-183. The allegations of Paragraphs 179 through 183, inclusive, of the FAC refer to documents relating to or allegedly issued by various boards, bureaus, commissions and officials, which speak for themselves. To the extent that the plaintiffs' characterization of the actions by these entities differs from the documents themselves, and a response is required, the allegations are denied.

184-256. The allegations of Paragraphs 184 through 256, inclusive, of the FAC do not relate to this defendant, but to the defendant, Zoning Board, which is an independent body. Therefore, this defendant is not obligated to respond to these allegations. To the extent that responses are required, and the allegations relate to the record of the hearing before the Zoning

Board, or documents filed with or by the Zoning Board, or legal conclusions by the plaintiffs regarding the actions or decisions of the Zoning Board, and the allegations are not supported by the record, documents, or applicable law, the allegations are denied.

Hostility Toward Orthodox Jews in the Township

257. This defendant denies the allegations of Paragraph 257 of the FAC with respect to the Director. As the allegations regarding the Board are not directed to this defendant, no response is required. To the extent that a response is required by the defendant with respect to the allegations against the Board, as being responsive to "substantial hostility by the Howell Township community against ultra-Orthodox Jews", the allegations are denied.

258-259. Denied.

260. The allegations of Paragraph of the 260 of the FAC refers to an article which speaks for itself and to which no response is required. To the extent that plaintiffs' characterization of the newspaper article differs from its content, and a response is required, the allegation is denied.

261-262. The allegations of Paragraphs 261 and 262 of the FAC refers to a letter by the Mayor which speaks for itself and to which no response is required. To the extent that the allegations differ from the letter, or take the letter out of context, and a response is required, the allegations are denied.

263. This defendant has insufficient knowledge of the allegations of Paragraph 263 regarding lawn signs or the alleged purpose of the lawn signs, and leaves the plaintiffs to their proofs.

264-278. The allegations of Paragraphs 264 through 278, inclusive, of the FAC do not relate to this defendant but to reports in news media, social media or blogs by third party members of the public and not to municipal officials, accordingly, no response is required by this

defendant. To the extent required, the allegations that are not supported by evidence, or which mischaracterize statements by members of the public, or take them out of context, are denied.

279. The allegations of Paragraph 279 of the FAC refer to a document which speaks for itself. To the extent that the plaintiffs' characterization of the document is inconsistent therewith, or taken it out of context, and a response is required, the allegations are denied.

280. The allegations of Paragraph 280 of the FAC are overbroad and constitute an overgeneralization and therefore are denied.

281-282. The allegations of Paragraphs 281 and 282 of the FAC refer to the report of a newspaper article which speaks for itself. To the extent that the plaintiffs' characterization of the article is inaccurate or taken out of context, and a response is required, the allegations are denied.

283-289. The allegations of Paragraphs 283 through 289, inclusive, of the FAC are based on alleged publications by third parties and not by municipal officials for which no response is required. To the extent that the references are inaccurate, taken out of context, or differ from what is reflected by the documents, social media, or other reports, and a response is required, they are denied.

290-291. The allegations of Paragraphs 290 and 291 do not relate to this defendant and therefore no response is required. Furthermore, the allegations are statements of law and not fact, requiring no response.

292-293. The allegations of Paragraphs 292 and 293 of the FAC are legal conclusions which require no response and plaintiffs are left to their proofs.

294. The allegations of Paragraph 294 of the FAC are overbroad and therefore denied.

295. The allegations of Paragraph 295 of the FAC do not relate to this defendant and therefore no response is required.

9

296-301. To the extent that the allegations of Paragraphs 296 through 301, inclusive, apply to this defendant, the allegations are denied.

## COUNT I

**Violation of Religious Land Use and Institutionalized Persons Act of 2000 – "Substantial Burdens"
42 U.S.C. § 2000cc(a)**

302. This defendant repeats its answers to Paragraphs 1 through 301 as if set forth herein at length.

303. Denied.

## COUNT II

**Violation of Religious Land Use and Institutionalized Persons Act of 2000 – "Nondiscrimination"
42 U.S.C. § 2000cc(b)(2)**

304. This defendant repeats its answers to Paragraphs 1 through 303 as if set forth herein at length.

305. Denied.

## COUNT III

**Violation of Religious Land Use and Institutionalized Persons Act of 2000 – "Equal Terms"
42 U.S.C. § 2000cc(b)(1)**

306. This defendant repeats its answers to Paragraphs 1 through 305 as if set forth herein at length.

307. Denied.

## COUNT IV

### Violation of Religious Land Use and Institutionalized
### Persons Act of 2000 – "Exclusion and Limits": Total Exclusion
### 42 U.S.C. § 2000cc(b)(3)(A)

308. This defendant repeats its answers to Paragraphs 1 through 307 as if set forth herein at length.

309. Denied.

## COUNT V

### Violation of the Fair Housing Act
### 42 U.S.C. § 3604

310. This defendant repeats its answers to Paragraphs 1 through 309 as if set forth herein at length.

311. Denied.

312. Denied.

313. Denied.

## COUNT VI

### United States Constitution
### Violation of 42 U.S.C. § 1983:  First Amendment
### Free Exercise of Religion

314. This defendant repeats its answers to Paragraphs 1 through 313 as if set forth herein at length.

315. Denied.

11

## COUNT VII

### United States Constitution
### Violation of 42 U.S.C. § 1983: Fourteenth Amendment
### Equal Protection

316.  This defendant repeats its answers to Paragraphs 1 through 315 as if set forth herein at length.

317.  Denied.

## COUNT VIII

### United States Constitution
### Violation of 42 U.S.C. § 1983: Fourteenth Amendment
### Equal Protection

318.  This defendant repeats its answers to Paragraphs 1 through 317 as if set forth herein at length.

319.  The allegations of Paragraph 319 of the FAC state a legal conclusion for which no response is required and plaintiffs are left to their proofs.

320.  The allegations of Paragraph 320 refer to a document which speaks for itself. With respect to the allegations about the time that Zebra Holdings II, LLC purchased the subject property, this defendant has insufficient knowledge and leaves plaintiffs to their proofs.

321.  The allegations of Paragraph 321 refers to a document which speaks for itself. To the extent that plaintiffs mischaracterize the term "educational facility" in the ordinance, the allegations are denied.

322.  Denied.

323.  Denied.

324.  Denied.

## COUNT IX

### Action in lieu of prerogative writ
### New Jersey Municipal Land Use Law
### N.J.S.A. § 40:55D-1 *et seq.*

325. This defendant repeats its answers to Paragraphs 1 through 324 as if set forth herein at length.

326-337. The allegations of Paragraph of 326 through 337, inclusive, of the FAC do not refer to this defendant so that no response is required.

## COUNT X

### Violation of the New Jersey Law Against Discrimination,
### N.J. Stat. Ann. § 10:5-12

338. This defendant repeats its answers to Paragraphs 1 through 337 as if set forth herein at length.

339. Denied.

340. Denied.

341. Denied.

## COUNT XI

### New Jersey Constitution
### Violation of Art. 1 ¶¶1, 3

342. This defendant repeats its answers to Paragraphs 1 through 341 as if set forth herein at length.

343. Denied.

WHEREFORE, defendant, Township of Howell, N.J., hereby requests that this Court dismiss the First Amended Complaint with prejudice and award this defendant attorneys fees, costs of suit and any and all other relief as the court may deemed equitable, just and proper.

## SEPARATE AFFIRMATIVE DEFENSES

Without admitting any wrongdoing or any liability on its part or that the statutes or common law imposes any affirmative obligations on it, defendant Township of Howell, N.J. alleges as separate affirmative defenses as follows:

### First Separate Defense

Plaintiffs' First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted against defendant Township of Howell, N.J. and, therefore, should be dismissed.

### Second Separate Defense

The First Amended Complaint, in whole or in part, is not ripe.

### Third Separate Defense

The plaintiffs, individually or jointly, lack standing to pursue the First Amended Complaint.

### Fourth Separate Defense

The First Amended Complaint, in whole or in part, is barred for failure of the plaintiffs to exhaust administrative remedies.

### Fifth Separate Defense

The plaintiffs' claims are barred for failure to file the within action within the applicable Statute of Limitations.

### Sixth Separate Defense

The plaintiffs' First Amended Complaint is barred because there exists an adequate remedy in State Court.

### Seventh Separate Defense

The Federal District Court should abstain from hearing this case pursuant to one or more of the Federal Abstention Doctrines.

### Eighth Separate Defense

Defendant, Township of Howell, N.J., did not deprive plaintiffs of their right to free exercise of religion as granted by the Religious Land Use and Institutionalized Persons Act.

### Ninth Separate Defense

The defendant Township of Howell, N.J. did not impose or implement land use regulations which placed a substantial burden on plaintiffs' religious exercise without a compelling government interest or using the least restrictive means of achieving that interest.

### Tenth Separate Defense

The defendant Township of Howell, N.J. did not deprive plaintiffs of their right to the free exercise of religious by imposing and implementing land use regulations that treat a religious assembly and institution on less than equal terms with non-religious assemblies and institutions.

### Eleventh Separate Defense

The defendant Township of Howell, N.J. did not impose or implement land use regulations that discriminated against plaintiffs on the basis of religion or religious practice.

**Twelfth Separate Defense**

The defendant Township of Howell, N.J. did not impose or implement land use regulations that unreasonably limit religious assemblies, institutions or structures within its jurisdiction.

**Thirteenth Separate Defense**

The defendant Township of Howell, N.J. enjoys absolute immunity against the plaintiffs' allegations of civil rights violations pursuant to 42 U.S.C. § 1983 and, as such, the plaintiffs' claims are barred.

**Fourteenth Separate Defense**

To the extent that the plaintiffs assert a denial of constitutionally guaranteed rights under the First and Fourteenth Amendments, any and all such claims are barred as the defendants' conduct does not shock the conscience or otherwise offend juridical notions of fairness, nor were their actions offensive to human dignity.

**Fifteenth Separate Defense**

To the extent that any of plaintiffs' claims assert a deprivation of property without the procedural due process guarantee of the Fifth and Fourteenth Amendments, any and all such claims are barred by the Parratt Doctrine as this State's action in lieu of prerogative writs practice provides an adequate post-deprivation remedy available to the plaintiffs.

**Sixteenth Separate Defense**

At all times herein, defendant Township of Howell, N.J. acted honestly, diligently, reasonably and in good faith in their dealings with plaintiffs.

**Seventeenth Separate Defense**

The defendant Township of Howell, N.J., at all times, acted within the scope of its authority pursuant to law.

### Eighteenth Separate Defense

The plaintiffs' allegations of injuries are due to the interpretation and decision of the Zoning Board, which is an independent body and not as a result of any actions or decisions of the Township of Howell, N.J., and therefore the Complaint as to the defendant Township of Howell, N.J. should be dismissed with prejudice.

### Nineteenth Separate Defense

The plaintiffs have not adequately pled the elements of a violation of the Fair Housing Amendments Act, 42 U.S.C. § 3604, and therefore Count V of the FAC should be dismissed.

### Twentieth Separate Defense

The plaintiffs have not adequately pled the elements of a violation of their Civil Rights pursuant to 42 U.S.C. § 1983, that the alleged violations are part of the custom or practice of the Township and therefore Counts VI, VII, and VIII of the FAC should be dismissed.

### Twenty-First Separate Defense

The plaintiffs have not adequately pled the elements of a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.5 and Article 1 §§ 1, 3 of the New Jersey Constitution and therefore Counts X and XI of the FAC should be dismissed.

### Twenty-Second Separate Defense

The First Amended Complaint, in whole or in part, is barred by the Doctrines of Promissory and Equitable Estoppel.

### Twenty-Third Separate Defense

The First Amended Complaint, in whole or in part, is barred by the Doctrine of Unclean Hands.

### Twenty-Fourth Separate Defense

The plaintiffs did not comply with jurisdictional prerequisites for asserting their causes of action, in whole or in part, and therefore, the First Amended Complaint should be dismissed.

### Twenty-Fifth Separate Defense

The plaintiffs failed to provide the defendant with adequate notice before asserting their claims in the FAC, in whole or in part; therefore, their claims should be dismissed.

### Twenty-Sixth Separate Defense

The FAC is barred, in whole or in part, by the immunities of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

### Twenty-Seventh Separate Defense

The plaintiffs failed to provide the Notice required by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and the FAC is, therefore, barred, in whole or in part.

### Twenty-Eighth Separate Defense

The plaintiffs failed to mitigate their damages as required by law and equity.

### Twenty-Ninth Separate Defense

The plaintiffs failed to satisfy all of the elements necessary for the granting of injunctive relief.

### Thirtieth Separate Defense

The plaintiffs' demand for a declaratory judgment against the Township improperly seeks an advisory opinion from the federal district court without establishing that the Howell Township Director of Land Use's interpretation of the Zoning Ordinance, which the plaintiffs appealed to the Zoning Board, presents a justiciable "case or controversy" as required by U.S. Const. Art. III, § 2.

### Thirty-First Separate Defense

To the extent that the plaintiffs' claims are based on an examination of the mental processes of the municipal officials in their interpretation of the meaning of an ordinance, the claims are improper and should be barred.

### Additional Separate Defenses and Reservation

To the extent applicable, defendant Township of Howell, N.J. incorporates the Separate Defenses of co-defendant Zoning Board that are not otherwise pled herein. Defendant Township of Howell, N.J. also reserves the right to plead additional defenses based on continuing investigation and discovery.

### JURY DEMAND

Defendant, Township of Howell, N.J., hereby demands a Jury Trial on all issues so triable.

### DEMAND FOR DOCUMENTS REFERRED TO IN COMPLAINT

Pursuant to FRCP 34(a), defendant demands that plaintiffs produce all documents referred to by plaintiffs in the FAC, within the time required by the rules.

### CERTIFICATION PURSUANT TO L. CIV. R. 11-2

I hereby certify to the best of my knowledge that the above-captioned action is not subject to any other action pending in any court or the subject matter of a pending arbitration proceeding, except an application for a variance by the plaintiff Congregation Kollel, Inc., before the defendant Zoning Board which was not withdrawn by the plaintiffs. No other action or

arbitration proceeding is contemplated at this time. I know of no other party who should be joined in this action.

                                    WEINER LAW GROUP LLP
                                    Attorneys for Defendant
                                    Township of Howell, N.J.

                              By:   *s/s Richard L. Rudin*
                                    RICHARD L. RUDIN
                                    A Member of the Firm

                              By:   *s/s Ronald D. Cucchiaro*
                                    RONALD D. CUCCHIARO
                                    A Member of the Firm

Dated: March 16, 2017