IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH A. CLARK
GluckWalrath LLP
11 Wharf Avenue, Suite 4
Red Bank, New Jersey 07701
(732) 530-8822
Attorneys for Defendant
Howell Township Zoning Board of Adjustment

| | |
|---|---|
| CONGREGATION KOLLEL, INC., and ZEBRA HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF HOWELL, N.J., and HOWELL TOWNSHIP ZONING BOARD OF ADJUSTMENT,<br><br>Defendants | CIV. ACTION NO.<br><br>3:16-cv-2457 (FLW/HLG)<br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant the Howell Township Zoning Board of Adjustment ("Defendant" or "ZBA"), by way of general response to Plaintiffs' Amended Complaint states:

Defendant states that because Plaintiffs' Prerogative Writ Count was dismissed by the Court, and because Plaintiffs may file additional applications with the ZBA, Defendant's response to the allegations in Plaintiffs' First Amended Complaint are as to the events set forth therein and are not intended to indicate Defendant's prejudgment or predisposition to rule on any current or future applications filed by Plaintiff; every application presented to the ZBA is decided on its merits and in light of the applicable law and facts.

By way of a specific Answer to Plaintiffs' Amended Complaint, Defendant states as follows:

## NATURE OF ACTION

1.    Defendant denies the allegations of this Paragraph.

2.    Defendant denies the allegations of this Paragraph.

3.    Defendant denies the allegations of this Paragraph.

{00019787;v2/ 16-043/010}

4.      Defendant denies the allegations of this Paragraph.

**PARTIES**

5.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

6.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

7.      Defendant admits the allegations set forth in this Paragraph.

8.      Defendant admits the allegations set forth in this Paragraph.

**JURISDICTION AND VENUE**

9.      The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

10.      The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

**FACTUAL ALLEGATIONS**

The Kollel

11-72. To the extent the allegations of Paragraphs 11-72 reflect statements made on the record at any proceeding before Defendant, then the allegations of these Paragraphs refer to a writing, which speaks for itself and requires no response. Otherwise, Defendant lacks knowledge or information sufficient to admit or deny the allegations of the Paragraphs and leaves Plaintiffs to their proofs.

The Subject Property

73-78. Defendant lacks knowledge or information sufficient to admit or deny the allegations of these Paragraphs and leaves Plaintiffs to their proofs.

79.     The zoning districts are a matter of record which speaks for itself; no response is therefore required and Plaintiffs are left to their proofs.

80-97.  The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

98.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

99.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

<u>The Applicable Land Use Regulations and State Statutes</u>

100-107.      The allegations of these Paragraphs are legal conclusions which require no response and Plaintiffs are left to their proofs.

108.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

109.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

110.    The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

111.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

112.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

113-119.       The allegations of these Paragraphs are legal conclusions which require no response and Plaintiffs are left to their proofs.

120.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

121.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

122.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

123.    The allegations of this Paragraph do not refer to this Defendant and no response is therefore required. To the extent a response is required, Defendant denies the allegations of this Paragraph.

124.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

125.    Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

126.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

127.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

128.    The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

129.    The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

130.    The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

131.    The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

132.    Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

133.    Defendant admits the location of Jackson Township; Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this Paragraph and leaves Plaintiffs to their proofs.

134.    Defendant states that the location of the Subject Property is a matter of public record, which speaks for itself; no response is therefore required and Plaintiffs are left to their proofs.

135.    The allegations of this Paragraph do not refer to this Defendant and also refers to writings, which speak for themselves.

136.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

137.    Defendant denies the allegations to the extent the allegations are directed at Defendant.

138.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

139.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

140.    Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

141.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

142.    Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

143.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

144. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

145. The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

146. The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

147. The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

148. The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

149. Defendant denies the allegations to the extent the allegations are directed at Defendant.

150. The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs

151. The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

152. The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

153.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

154.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

155.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

156.   The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

157.   The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

158.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

<u>The Kollel's Land Use Application</u>

159-164.   The allegations of these Paragraphs refer to a writing, which speaks for itself and requires no response.

165.   The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

166.   Defendant denies the allegations of this Paragraph.

167.     Defendant denies the allegations of this Paragraph to the extent the allegations are directed at Defendant.

168.     The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

169.     The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

170.     The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

171-184.     The allegations of these Paragraphs refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of these Paragraphs are legal conclusions which require no response and Plaintiffs are left to their proofs.

185.     The allegations of this Paragraph refer to a matter of record, which speaks for itself and requires no response.

186.     Defendant lacks knowledge or information as to Plaintiffs' motivation for filing and therefore cannot admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs. Furthermore, the allegations of this Paragraph refer to a matter of record, which speaks for itself and requires no response.

187.     Defendants denies the allegation of the Paragraph.

188.     Defendant denies Plaintiffs' characterization of the Township Planner's testimony and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

189.    Defendant denies Plaintiffs' characterization of Mr. Armata's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

190.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

191.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

192.    Defendant denies Plaintiffs' characterization of Mr. Sanclimenti's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

193.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

194.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

195.    Defendant denies Plaintiffs' characterization of the statements by the members of the public and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

196.    Defendant denies Plaintiffs' characterization of the unnamed Howell Township resident's statements and states that the allegations of this Paragraph refer to a writing, which

speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

197.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

198.   Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs. Furthermore, the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

199.   Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs. Furthermore, the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

200.   Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs. Furthermore, the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

201.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

202.   Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs. Furthermore, the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

203.   Defendant denies Plaintiffs' characterization of the statements by the members of the public and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

204.     The allegations of this Paragraph refer to a matter of record, which speaks for itself and requires no response.

205.     Defendant denies Plaintiffs' characterization of Mr. Janiw's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

206.     Defendant denies the allegations of this Paragraph, denies Plaintiffs' characterization of the statements by the members of the ZBA and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

207.     Defendant denies the allegations of this Paragraph, denies Plaintiffs' characterization of the statements by the members of the ZBA and its professionals and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

208.     Defendant denies Plaintiffs' characterization of Mr. Jackson's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

209.     Defendant denies Plaintiffs' characterization of the Township Planner's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

210.    Defendant denies Plaintiffs' characterization of the Township Planner's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

211.    Defendant denies Plaintiffs' characterization of the Township Planner's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

212.    Defendant denies the allegations of this Paragraph and further states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

213.    Defendant denies Plaintiffs' characterization of the Township Planner's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

214.    Defendant denies Plaintiffs' characterization of Mr. Jackson's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

215.    Defendant denies Plaintiffs' characterization of Mr. Jackson's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

216.    Defendant denies Plaintiffs' characterization of Mr. Jackson's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

217.     Defendant denies Plaintiffs' characterization of Ms. O'Donnell's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

218.     Defendant denies Plaintiffs' characterization of Mr. Armata's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

219.     Defendant denies Plaintiffs' characterization of Mr. Rothschild's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

220.     Defendant denies Plaintiffs' characterization of the Township Planner's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

221.     Defendant denies Plaintiffs' characterization of Ms. O'Donnell's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

222.     Defendant denies Plaintiffs' characterization of the evidence and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

223.     Defendant denies Plaintiffs' characterization of the Township Planner's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

224.     Defendant denies the allegations of this Paragraph.

225.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

226.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

227.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

228.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

229.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

230.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

231.    Defendant denies the allegations of this Paragraph.

232.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

233.    Defendant denies the allegations of this Paragraph.

234.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

235.    Defendant denies Plaintiffs' characterization of the evidence and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

236.    Defendant denies Plaintiffs' characterization of the evidence and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

237.    Defendant denies the allegations of this Paragraph.

238.    Defendant denies the allegations of this Paragraph.

239.    Defendant denies the allegations of this Paragraph.

240.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

241.    Defendant denies the allegations of this Paragraph.

242.    Defendant denies the allegations of this Paragraph.

243.    Defendant denies the allegations of this Paragraph.

244.    Defendant denies the allegations of this Paragraph.

245.    Defendant denies Plaintiffs' characterization of testimony and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

246.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

247.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

248.    Defendant denies Plaintiffs' characterization of the Resolution and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

249.     Defendant denies Plaintiffs' characterization of the Resolution and testimony and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

250.     Defendant denies the allegations of this Paragraph.

251.     Defendant denies the allegations of this Paragraph.

252.     Defendant denies the allegations of this Paragraph.

253.     Defendant denies the allegations of this Paragraph.

254.     The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

255.     The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

256.     The allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

<u>Hostility Toward Orthodox Jews in the Township</u>

257.     Defendant denies the allegations of this Paragraph.

258.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

259.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of this Paragraph and leaves Plaintiffs to their proofs.

260.     Defendant denies Plaintiffs' characterization of the article and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

261.   Defendant denies Plaintiffs' characterization of the Mayor's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

262.   Defendant denies Plaintiffs' characterization of the Mayor's statements and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

263.   Defendant denies Plaintiffs' characterization of the signs and states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

264.   The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

265-279.   The allegations of these Paragraphs do not refer to this Defendant and no response is therefore required. Defendant further states that the allegations also appear to refer to writings, which speak for themselves and require no response.

280.   The allegations of this Paragraph are so overbroad and ambiguous that a meaningful response is impossible and Defendant therefore denies the allegations of this Paragraph.

281.   Defendant denies Plaintiffs' characterization of the comments, and further states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

282.   Defendant denies Plaintiffs' characterization of the comments, and further states that the allegations of this Paragraph refer to a writing, which speaks for itself and requires no response.

283-289.      The allegations of these Paragraphs do not refer to this Defendant and no response is therefore required. Defendant further states that the allegations also appear to refer to writings, which speak for themselves and require no response.

290.      Defendant denies the allegations of this Paragraph, and states that the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

291.      Defendant states that the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

292.      Defendant states that the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

293.      Defendant states that the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

294.      Defendant states that the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

295.      Defendant states that the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

296-301.      To the extent the allegations of these Paragraphs are directed at these Defendants, the allegations are denied.

## COUNT I

### Violation of Religious Use and Institutionalized Persons Act of 2000
### "Substantial Burdens" 42 U.S.C. § 2000cc(a)

302.      Defendant's response to Paragraphs 1 through 301 are incorporated by reference as if fully set forth herein.

303.      Defendant denies the allegations of this Paragraph.

## COUNT II

### Violation of Religious Use and Institutionalized
### Persons Act of 2000- "Nondiscrimination"
### 42 U.S.C. § 2000cc(b)(2)

304.   Defendant's response to Paragraphs 1 through 303 are incorporated by reference as if fully set forth herein.

305.   Defendant denies the allegations of this Paragraph.

## COUNT III

### Violation of Religious Use and Institutionalized
### Persons Act of 2000- "Equal terms"
### 42 U.S.C. § 2000cc(b)(1)

306.   Defendant's response to Paragraphs 1 through 305 are incorporated by reference as if fully set forth herein.

307.   Defendant denies the allegations of this Paragraph.

## COUNT IV

### Violation of Religious Use and Institutionalized
### Persons Act of 2000- "Exclusion and Limits": Total Exclusion
### 42 U.S.C. § 2000cc(b)(3)(A)

308.   Defendant's response to Paragraphs 1 through 307 are incorporated by reference as if fully set forth herein.

309.   Defendant denies the allegations of this Paragraph.

## COUNT V

### Violation of the Fair Housing Act
### 42 U.S.C. § 3604

310.   Defendant's response to Paragraphs 1 through 309 are incorporated by reference as if fully set forth herein.

311.   Defendant denies the allegations of this Paragraph.

312.    Defendant denies the allegations of this Paragraph.

313.    Defendant denies the allegations of this Paragraph.

## COUNT VI

### United States Constitution
### Violation of 42 U.S.C. § 1983: First Amendment
### Free Exercise of Religion

314.    Defendant's response to Paragraphs 1 through 313 are incorporated by reference as if fully set forth herein.

315.    Defendant denies the allegations of this Paragraph.

## COUNT VII
### United States Constitution
### Violation of 42 U.S.C. § 1983: Fourteenth Amendment
### Equal Protection

316.    Defendant's response to Paragraphs 1 through 315 are incorporated by reference as if fully set forth herein.

317.    Defendant denies the allegations of this Paragraph.

## COUNT VIII

### United States Constitution
### Violation of 42 U.S.C. § 1983: First Amendment
### Free Speech

318.    Defendant's response to Paragraphs 1 through 317 are incorporated by reference as if fully set forth herein.

319.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

320.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

321.    The allegations of this Paragraph refer to a writing, which speaks for itself and requires no response. Furthermore, the allegations of this Paragraph are legal conclusions which require no response and Plaintiffs are left to their proofs.

322.    Defendant denies the allegations of this Paragraph.

323.    Defendant denies the allegations of this Paragraph.

324.    Defendant denies the allegations of this Paragraph.

## COUNT IX

### Action in lieu of prerogative writ
### New Jersey Municipal Land Use Law
### N.J.S.A. § 40:55D-1 *et seq.*

325-337.    This Count of Plaintiffs' First Amended Complaint was dismissed by the Court and no response is therefore required.

## COUNT X

### Violation of New Jersey Law Against Discrimination
### N.J. Stat. Ann. § 10:5-12.5

338.    Defendant's response to Paragraphs 1 through 337 are incorporated by reference as if fully set forth herein.

339.    Defendant denies the allegations of this Paragraph.

340.    Defendant denies the allegations of this Paragraph.

341.    Defendant denies the allegations of this Paragraph.

## COUNT XI

### New Jersey Constitution
### Violation of Art. 1 ¶¶ 1,3

342.    Defendant's response to Paragraphs 1 through 341 are incorporated by reference as if fully set forth herein.

343.    Defendant denies the allegations of this Paragraph.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant demands judgment dismissing the First Amended Complaint with prejudice together with attorneys' fees, interest, costs of suit, and such other relief as the Court finds equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The injury and damages allegedly sustained by Plaintiff were a direct and proximate result of Plaintiffs' own conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the statutes of limitations applicable to the various claims Plaintiff has asserted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrines of estoppel and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant complied with all applicable laws, regulations and standards in effect.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred based on the fact that Defendants do not have a policy of discrimination.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery based on its failure to mitigate its damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is frivolous.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant's actions challenged herein were consistent with their powers under the MLUL and did not constitute an unconstitutional exercise of local zoning powers.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant's actions challenged herein were not arbitrary or capricious, and instead were valid discretionary decisions made by Defendant based upon substantial credible evidence within the public record.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint is barred by the provisions of "New Jersey Tort Claims Act," *N.J.S.A.* 59:1-1, *et seq.*

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the assessment of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

42 U.S.C. 1983 does not create remedies for deprivation of rights under state laws or state constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is protected by immunity under 42 U.S.C. 1983.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action was commenced in bad faith and solely for the purpose of harassment, delay or malicious injury.

## NINETEENTH AFFIRMATIVE DEFENSE

No rational argument can be advanced in support of Plaintiffs' claims.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not supported by any credible evidence.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant's actions challenged herein did not violate any rights guaranteed to the Plaintiff under the United States Constitution or the New Jersey Constitution.

## TWENTY SECOND AFFIRMATIVE DEFENSE

The Defendant acted at all times in good faith and with a reasonable belief that their actions were lawful.

## TWENTY THIRD AFFIRMATIVE DEFENSE

The Defendant has not breached any duty of care or obligation owed to the Plaintiffs imposed by either statute or common law.

## TWENTY-FOURTH SEPARATE DEFENSE

The Plaintiffs' First Amended Complaint is barred because there exists an adequate remedy in State Court.

## TWENTY-FIFTH SEPARATE DEFENSE

The Federal District Court should abstain from hearing this case pursuant to one or more of the Federal Abstention Doctrines.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendant did not deprive Plaintiffs of their right to free exercise of religion as granted by the Religious Land Use and Institutionalized Persons Act.

## TWENTY-SEVENTH SEPARATE DEFENSE

Defendant did not impose or implement land use regulations which placed a substantial burden on Plaintiffs' religious exercise without a compelling government interest or using the least restrictive means of achieving that interest.

## TWENTY-EIGHTH SEPARATE DEFENSE

Defendant did not deprive Plaintiffs of their right to the free exercise of religious by imposing and implementing land use regulations that treat a religious assembly and institution on less than equal terms with non-religious assemblies and institutions.

## TWENTY-NINTH SEPARATE DEFENSE

Defendant did not impose or implement land use regulations that discriminated against Plaintiffs on the basis of religion or religious practice.

### THIRTIETH SEPARATE DEFENSE

Defendant did not impose or implement land use regulations that unreasonably limit religious assemblies, institutions or structures within its jurisdiction.

### THIRTY-FIRST SEPARATE DEFENSE

Defendant enjoys absolute immunity against the Plaintiffs' allegations of civil rights violations pursuant to 42 U.S.C. §1983 and, as such, the Plaintiffs' claims are barred.

### THIRTY-SECOND SEPARATE DEFENSE

To the extent that the Plaintiffs assert a denial of constitutionally guaranteed rights under the First and Fourteenth Amendments, any and all such claims are barred as the Defendant's conduct does not shock the conscience or otherwise offend judicial notions of fairness, nor were their actions offensive to human dignity.

### THIRTY-THIRD SEPARATE DEFENSE

To the extent that any of Plaintiffs' claims assert a deprivation of property without the procedural due process guarantee of the Fifth and Fourteenth Amendments, any and all such claims are barred by the Parratt Doctrine as this State's action in lieu of prerogative writs practice provides an adequate post-deprivation remedy available to the Plaintiffs.

### THIRTY-FOURTH SEPARATE DEFENSE

At all times herein, Defendant acted honestly, diligently, reasonably and in good faith in their dealings with Plaintiffs.

### THIRTY-FIFTH SEPARATE DEFENSE

Defendant at all times, acted within the scope of its authority pursuant to law.

## THIRTY-SIXTH SEPARATE DEFENSE

The Plaintiffs have not adequately pled the elements of a violation of the Fair Housing Amendments Act, 42 U.S.C. §3604, and therefore Count V of the FAC should be dismissed.

## THIRTY-SEVENTH SEPARATE DEFENSE

The Plaintiffs have not adequately pled the elements of a violation of their Civil Rights pursuant to 42 U.S.C. §1983, that the alleged violations are part of the custom or practice of the Township and therefore Counts VI, VII and VIII of the FAC should be dismissed.

## THIRTY-EIGHTH SEPARATE DEFENSE

The Plaintiffs have not adequately pled the elements of a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.5 and Article 1 §§1, 3 of the New Jersey Constitution and therefore Counts X and XI of the FAC should be dismissed.

## THIRTY-NINTH SEPARATE DEFENSE

The Plaintiffs did not comply with jurisdictional prerequisites for asserting their causes of action, in whole or in part, and therefore, the First Amended Complaint should be dismissed.

## FORTIETH SEPARATE DEFENSE

The Plaintiffs failed to provide the Defendant with adequate notice before asserting their claims in the FAC, in whole or in part; therefore, their claims should be dismissed.

## FORTY-FIRST SEPARATE DEFENSE

The Plaintiffs failed to provide the Notice required by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and the FAC is, therefore, barred.

## FORTY-SECOND SEPARATE DEFENSE

The Plaintiffs failed to mitigate their damages as required by law and equity.

## FORTY-THIRD SEPARATE DEFENSE

The Plaintiffs failed to satisfy all elements necessary for the granting injunctive relief.

## RESERVATION OF DEFENSES

Defendant reserves the right to interpose such other affirmative defenses as continuing investigation and discovery may reveal.

## DEMAND FOR DOCUMENTS REFERRED TO IN COMPLAINT

Pursuant to FRCP 34(a), Defendant demands that Plaintiffs produce all documents referred to by Plaintiff in the FAC but not attached to the FAC, within the time required by the rules.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I, Joseph A. Clark, the undersigned attorney of record for Defendant, do hereby certify based on my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

## JURY DEMAND

Answering Defendant hereby demands a jury as to all issues so triable pursuant to F.R.C.P. 38(b).

By:/s/JOSEPH A. CLARK
    JOSEPH A. CLARK
    GluckWalrath LLP
    11 Wharf Avenue, Suite 4
    Red Bank, New Jersey 07701
    (732) 530-8822
    Attorneys for Defendants
    Howell Township
    Zoning Board of Adjustment

Dated:  MARCH 16, 2017

## CERTIFICATION OF SERVICE

I, Joseph A. Clark, hereby certify that a copy of Defendant's Answer was served this March 16, 2017 upon all counsel via the Court's CM/ECF system. This document is available for viewing and downloading from the CM/ECF system.

By:/s/JOSEPH A. CLARK
JOSEPH A. CLARK
GluckWalrath LLP
11 Wharf Avenue, Suite 4
Red Bank, New Jersey 07701
(732) 530-8822
Attorneys for Defendants
Howell Township
Zoning Board of Adjustment

Dated: MARCH 16, 2017